IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| RONALD C. ETTIENNE, #596547, | ) ) ) |
| Plaintiff, | ) ) NO. 3:23-CV-00937 |
| v. | ) ) ) ) JUDGE CAMPBELL |
| LT. JASON PERALTA, *et al.*, | ) MAGISTRATE JUDGE ) FRENSLEY |
| Defendants. | ) |

## MEMORANDUM OPINION

Ronald C. Ettienne, an inmate of the Rutherford County Adult Detention Center ("RCADC") in Murfreesboro, Tennessee, filed this pro se, in forma pauperis action under 42 U.S.C. § 1983 against numerous individual defendants, Rutherford County, and "Rudd Medical Service(s)", alleging violations of Plaintiff's civil and constitutional rights. (Doc. No. 1).

## I. SCREENING OF THE COMPLAINT

### A. PLRA Screening Standard

The complaint is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A.

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed in forma pauperis that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and

1

summary dismissal of the complaint on the same grounds as those articulated in Section 1915(e)(2)(B). *Id.* § 1915A(b).

The court must construe a pro se complaint liberally, *United States v. Smotherman*, 838 F.3d 736, 739 (6th Cir. 2016) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), and accept the plaintiff's factual allegations as true unless they are entirely without credibility. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)). Although pro se pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with pro se complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

**B. Section 1983 Standard**

Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . . ." To state a claim under Section 1983, a plaintiff must allege and show two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Sigley v. City of Panama Heights*, 437 F.3d 527, 533 (6th Cir. 2006)); 42 U.S.C. § 1983.

**C. Facts Alleged in the Complaint**

In late June of 2023, Plaintiff self-reported to the RCADC to serve a state sentence. Shortly after arriving, over his objection Plaintiff was transferred to the Rutherford County Work Center ("RCWC"). Plaintiff strongly did not want to serve his sentence at the RCWC and wrote a message to "the medical staff" on a kiosk that "if he wasn't to be transported back to the [RCADC], that

2

Mr. Ettienne would harm himself or someone in close proximity to him." (Doc. No. 1 at 15). Within the hour, a nurse requested to see Plaintiff and, after speaking with him, told him that he would be returned to the RCADC. Plaintiff was promptly transported to the RCADC, placed in wrist restraints and ankle shackles, and suited in a green smock (with nothing else underneath, including undergarments, and no shoes) designated for inmates who are suicidal and/or homicidal.

Plaintiff was then transported to cell 129 where another inmate was housed. That inmate was wearing the same green smock only, and Plaintiff recognized him to be Christopher Hill, who Plaintiff "knew from common intelligence . . . was homicidal/suicidal/ and . . . also has a very extensive history of violent behavior . . . and was currently awaiting to be transported the mental hospital to be medically evaluated and treated for his many attempts to harm himself and others." (*Id*. at 17).

Plaintiff became so upset at being housed with Hill that he experienced "psychological effects and damage that could have been prevented" if he and Hill had not been housed together. (*Id*. at 18). Defendants "put Mr. Ettienne into a most dangerous situation that could have everlasting emotional distress, making Mr. Ettienne paranoid of sleeping, sleep deprivation, and even harder to trust the very officers who are suppose[d] to protect Mr. Ettienne." (*Id*.) Defendants failed to monitor Plaintiff and Hill twenty-four hours a day "and anything could have happened . . . putting Mr. Ettienne['s] safety in harms way." (*Id*.)

The complaint also alleges "having to see another person(s) [sic] genitals, wearing only a smock, is cruel and unusual punishment." (Id.)

As relief, Plaintiff seeks $250,000 in damages for mental pain and suffering and asks that the conditions improve at the RCADC. (*Id*. at 24).

**D. Analysis**

The complaint alleges two claims under Section 1983 against all named Defendants: failure to protect and cruel and unusual punishment claims.

1. <u>Failure to protect claims</u>

The Eighth Amendment to the United States Constitution provides prisoner inmates with a certain measure of protection from violence at the hand of other inmates. *Farmer v. Brennan*, 411 U.S. 825, 832-833 (1994). "To establish a constitutional violation based on failure to protect, a prison inmate first must show that the failure to protect from risk of harm is objectively 'sufficiently serious.'" *Bishop v. Hackel*, 636 F.3d 757, 766 (6th Cir. 2011) (quoting *Farmer*, 511 U.S. at 834. Next, "plaintiff also must show that prison officials acted with 'deliberate indifference' to inmate health or safety." *Id*.

Here, the complaint does not allege that Plaintiff was physically harmed or injured as a result of Defendants' alleged failure to protect Plaintiff. For example, Plaintiff does not claim that Hill (or any other inmate) assaulted Plaintiff or that Plaintiff committed any act of self-injury while at the RCADC as a result of the actions or inactions of Defendants. Plaintiff's only allegations of harm that he suffered at the RCADC are mental or emotional distress, and he seeks only monetary damages as relief for those injuries.[1]

As this Court noted a few years ago, while the legal standards for a failure to protect claim are well settled, those standards "do not address the issue of whether a claim seeking damages based upon a prison official's failure to take steps to protect a prisoner from a risk of harm is subject to dismissal when the harm never materializes in a form that causes an actual physical

---

[1] The complaint does not seek injunctive or declaratory relief. *See Seabrooks*, 2019 WL 1015093, at *5 (dismissing prisoner-plaintiff's failure to protect claims where no physical injury was alleged, plaintiff sought only monetary damages, and "to the extent that he sought injunctive and declaratory relief in his first proposed amended complaint, there [wa]s no basis for such relief" because those claims were mooted by plaintiff's transfer to a different facility).

4

injury to the prisoner plaintiff." *Seabrooks v. CoreCivic*, No. 3:17-1328, 2019 WL 1015093, at *4 (M.D. Tenn. Mar. 4, 2010), *report and recommendation adopted by Seabrooks v. CoreCivic*, 2019 WL 1359492 (M.D. Tenn. Mar. 26, 2019). In *Seabrooks*, as in the present case, an inmate brought failure to protect claims under Section 1983 alleging only mental and emotional injuries and seeking only monetary relief. The court dismissed his damages claims for two reasons: (1) the plain wording of Section 1997e(e) of the PLRA and (2) in this Circuit, "'it is the reasonably preventable assault itself, rather than the fear of assault, that gives rise to a compensable claim under the Eighth Amendment.'" 2019 WL 1015093, at *4 (quoting *Wilson v. Yaklich*, 148 F.3d 596, 601 (6th Cir. 1998)).

Section 1997e(e) of the PLRA bars any "Federal civil action . . . brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act [involving physical contact]." Thus, when an inmate alleges only a mental or emotional injury, Section 1997e(e) bars an action for damages for those injuries. *Id.*; *see also Tribe v. Snipes*, 19 F. App'x 325, 326 (6th Cir. 2001) (finding that Section 1997e(e) barred prisoner's request for damages who had been transferred to a prison where his prior attackers were housed because, without an allegation that he had been assaulted again, his assertion of stress and fear about another attack, even when accompanied by "chest pains and a cold, numb left arm" did not constitute a physical injury for 1997e(e) purposes); *Hill v. Sotelo*, No. 3:20-CV-00620, 2021 WL 268715, at *3 (M.D. Tenn. Jan. 27, 2021) (finding that, even if prisoner-plaintiff had stated a viable Section 1983 claim, Section 1997e(e) bars his action seeking to recover for mental or emotional injuries as the only injury alleged in the complaint is the mental or emotional injury plaintiff suffered "due to his fear of the potential consequences of being charged with sexual harassment").

In *Wilson*, a prison inmate sought compensatory and punitive damages for an Eighth Amendment claim based on allegations that prison officials did not take steps to protect him from inmate gang members. In dismissing his claim, the Sixth Circuit found that the Eighth Amendment does not provide for monetary damages for a failure to protect claim when there is no allegation that the prisoner plaintiff was "actually physically injured" by the other inmates. 148 F.3d at 601. The Sixth Circuit noted that this conclusion would remain the same even if the prisoner had alleged that he suffered emotional or psychological injury from the alleged threats. *Id.*

Section 1997e(e) and the holding in *Wilson* require dismissal of Plaintiff's Eighth Amendment failure to protect claims given that Plaintiff seeks monetary damages only and fails to allege that he suffered an actual physical injury caused by Defendants' alleged deliberate indifference to his safety. *See Seabrooks*, 2019 WL 1015093, at *4-5 (dismissing prisoner-plaintiff's failure to protect claim where he only alleged emotional and mental injuries); *Osborne v. Little*, 2008 WL 4057093 at *3 (M.D. Tenn. Aug. 29, 2008) ("Under *Wilson*, Plaintiff cannot recover damages for his fears that give rise to his claims for emotional distress or mental suffering alone."); *Demumbrum v. Morris*, No. 1:18-CV-1245-JDT-CGC, 2019 WL 2330900, at *3 (W.D. Tenn. May 31, 2019) (same). These claims will be dismissed.

2. <u>Cruel and unusual punishment claims</u>

While the Eighth Amendment prohibits cruel and unusual punishment, *see generally Wilson v. Seiter*, 501 U.S. 294 (1991), it does not protect a prisoner from unpleasant prison experiences. *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987). An Eighth Amendment cruel and unusual punishment claim has both an objective and subjective component. "Satisfying the objective component ensures that the alleged deprivation is sufficiently severe, while satisfying the subjective component 'ensures that the defendant . . . acted with a sufficiently culpable state

of mind.'" *Quigley v. Toung Vinh Thai*, 707 F.3d 675, 681 (6th Cir. 2013) (quoting *Smith v. Carpenter*, 316 F.3d 178, 183-84 (2d Cir. 2003)).

Here, the complaint alleges that Defendants violated Plaintiff's right to be free from cruel and unusual punishment because Plaintiff was placed in a cell with another inmate under conditions where Plaintiff could consistently view that inmate's genitals. While unfortunate, Plaintiff's ability to view another inmate's genitals as described is not sufficiently severe to establish the objective component of an Eighth Amendment claim. The complaint alleges that both inmates were forced to wear the same revealing green smock because they had expressed suicidal or homicidal urges. Based on this Court's experience, it is likely that the sparse attire was for both inmates' safety, limiting the available items that could be used to inflict harm. And Plaintiff could, presumably, avert his eyes. The complaint does not allege that the inmate acted in a lascivious manner or otherwise approached Plaintiff sexually. "Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987). "Routine discomfort is 'part of the penalty that criminal offenders pay for their offenses against society.'" *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (quoting *Rhodes*, 452 U.S. at 347).

Further, the complaint fails to allege that any Defendant acted with deliberate indifference by placing Plaintiff in the cell with an inmate whose genitals were frequently, but inadvertently, exposed. Rather, the complaint acknowledges that the inmates were placed in the same cell and attired as they were due to their stated homicidal or suicidal urges.

For these reasons, Plaintiff's cruel and unusual punishment claims must be dismissed.

7

Case 3:23-cv-00937   Document 4   Filed 09/12/23   Page 7 of 8 PageID #: 56

## II.  CONCLUSION

Having conducted the screening required by the PRLA, the Court finds that the complaint fails to state Section 1983 claims upon which relief can be granted. This case will be dismissed. An appropriate Order will be entered.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE